**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:09cr101**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES PHILLIP SMITH. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss. [Doc. 32].

**I.  BACKGROUND**

The Defendant is charged in an eight-count Superseding Bill of Indictment with making false statements, in violation of 18 U.S.C. §§ 1001(a) and 1920. [Doc. 14]. Specifically, the Superseding Bill of Indictment charges that on or about August 25, 2009, the Defendant falsely stated during an interview with federal agents "that he could only drive 15-20 minutes at a time and relied on his daughter for distance driving" (Count One); "that he could not sit for long periods of time without experiencing significant pain" (Count Two); "that his physical condition limited his social

activities and that he had not recently visited Harrah's Casino in Cherokee, North Carolina" (Count Three); and "that his physical condition limited his social activities and he had not recently traveled to Myrtle Beach South Carolina" (Count Four), all in violation of 18 U.S.C. § 1001(a)(2). [Id. at 1-3]. It is further charged that on or about July 1, 2009, the Defendant submitted a request for leave from work under the Family and Medical Leave Act in order to care for his allegedly dependent wife when the Defendant knew his wife was not physically dependent at that time (Count Five), in violation of 18 U.S.C. § 1001(a)(3). [Id. at 3]. It is further charged that on or about August 25, 2009, the Defendant submitted a "Current Medical Assessment Evaluation" containing false statements about the existence and extent of physical restrictions caused by a work accident (Count Six), in violation of 18 U.S.C. § 1001(a)(3). It is also charged that on or about May 4, 2009 and June 15, 2009, the Defendant submitted a "Duty Status Report" containing falsehoods and misrepresentations about the existence and extent of his physical restrictions that he had made to his health care providers (Counts Seven and Eight), in violation of 18 U.S.C. § 1920.

The Defendant now moves to dismiss Counts One through Six of the Superseding Bill of Indictment. Citing United States v. Richardson, 8 F.3d 15, 17 (9th Cir. 1993), the Defendant argues that he cannot be prosecuted under 18 U.S.C. § 1001 for alleged false statements that are subject to prosecution under 18 U.S.C. § 1920. [Doc. 32].

**II.   ANALYSIS**

In United States v. Batchelder, the Supreme Court held that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." 442 U.S. 114, 123-24, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). [I]t is not enough to show that the statutes produce differing results when applied to the same factual situation. Rather, the legislative intent to repeal must be manifest in the positive repugnancy between the provisions." Id. at 122, 99 S.Ct. 2198 (citations and internal quotation marks omitted).

In arguing that the Government is precluded from prosecuting him under § 1001, the Defendant relies upon United States v. Richardson, 8 F.3d 15 (9th Cir. 1993). In that case, the Ninth Circuit Court of Appeals held that Congress explicitly intended for § 1920 to preempt § 1001 to the

extent that the latter applied to false statements regarding federal workers' compensation benefits:

> Congress clearly intended that section 1001 be limited by section 1920. Section 1920 was passed as part of FECA, a comprehensive statutory scheme establishing government employees' compensation benefits. Section 41 of FECA expressly repealed all acts – or parts of acts – that were inconsistent with FECA . . . . In 1916, the year in which FECA was enacted, section 1001 had been in existence for at least 40 years. Section 1001 was "inconsistent" with section 1920 to the extent that the former made false statements relating to the federal employees' compensation context felonies, while the latter made all such false statements misdemeanors. Section 1920 expressly provides that acts of the type here involved shall be punished by "no more" than $2,000 and a one-year prison term. Accordingly, section 1001 is partially inconsistent with section 1920 and is preempted to the extent that it applies to false statements regarding federal employees' compensation affidavits, reports, or claims.

Richardson, 8 F.3d at 17 (citations and footnote omitted).

In 1994, the year following the Richardson decision, Congress amended § 1920 to increase the maximum penalty provisions from "no more" than a fine of $2,000 and a one-year prison term to a fine of up to $250,000 and up to a five-year prison term. See Pub. L. No. 103-333, § 101(b)(1), 108 Stat. 2547. As a result of this amendment, § 1920 "now

4

closely resembles § 1001." United States v. Fitzgerald, 147 F.3d 1101, 1103 (9th Cir. 1998).

Due to the subsequent amendment of § 1920, the inconsistency between these two statutory provisions, as found by the Richardson court, no longer exists; both statutes now provide similar penalties for making false statements to the Government. As such, the Court must conclude that the holding of Richardson is longer represents an accurate statement of the law.

Finding no "positive repugnancy" between the current versions of § 1920 and § 1001, see Batchelder, 442 U.S. at 122, 99 S.Ct. 2198, the Court will deny the Defendant's Motion to Dismiss Counts One through Six of the Superseding Bill of Indictment.

### III.  ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 12, 2010

Martin Reidinger
United States District Judge